UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CARY WILLIAMS §<br>　　Plaintiff, §<br>§<br>vs. §<br>§<br>AGGRESSIVE WASTE DISPOSAL, INC., §<br>EMMITT KIRBY, and CRYSTAL KIRBY §<br>　　Defendants. § | Civil Action No.<br><br><br><br><br><br>JURY TRIAL DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

NOW COMES PLAINTIFF, Cary Williams (hereinafter referred to as "Plaintiff"), and complains of Defendants Aggressive Waste Disposal, Inc. (hereinafter referred to as "Aggressive Waste"), Emmitt Kirby, and Crystal Kirby (hereinafter collectively referred to as "Defendants"), and for causes of action would show the Court as follows:

## I.
## Introduction

1. This is an action to recover unpaid overtime wages brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*

2. This action seeks equitable relief, compensatory and liquidated damages, attorney's fees, taxable costs of court, and pre-judgement and post-judgment interest for Defendants' willful failure to pay overtime pursuant to 29 U.S.C. § 216(b) for Plaintiff in the course of his employment with the Defendants.

3. Plaintiff demands a jury trial on all issues that may be tried to a jury.

4. This action is authorized and instituted pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*

## II.
## Jurisdiction and Venue

5. Plaintiff brings this action to recover unpaid overtime compensation from the Defendants pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.

6. This Court also has jurisdiction of these claims pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1367.

7. Venue is proper in the Southern District of Texas under 28 U.S.C. § 1441(a) and 28 U.S.C. § 1391(b) and (c)(2) because the district has personal jurisdiction over Defendants, and Defendants reside in this district.

### III.
### Parties

8. Plaintiff, Cary Williams, is a resident of Harris County, Texas, who engaged in interstate commerce or in the production of goods for interstate commerce in performing his duties for Defendants.

9. Defendant Aggressive Waste Disposal, Inc. is a validly existing Texas corporation and may be served by serving its registered agent, Steve M. Williard, at 1920 N. Memorial Way, Suite 207, Houston, Texas 77007, or at any other address where he may be found. Defendant Aggressive Waste Disposal, Inc. is an entity engaged in interstate commerce or in the production of goods for interstate commerce.

10. Defendant Emmitt Kirby is an individual who may be served with summons and complaint at her place of business located at 7802 Lynette Street, Houston, Texas 77028, or at any other address where she may be found. Defendant Emmitt Kirby is an individual engaged in interstate commerce or in the production of goods for interstate commerce as an employer. She has acted, directly or indirectly, in the interest of an employer with respect to Plaintiff.

11. Defendant Crystal Kirby is an individual who may be served with summons and complaint at her place of business located at 7802 Lynette Street, Houston, Texas 77028, or at any

other address where she may be found. Defendant Crystal Kirby is an individual engaged in interstate commerce or in the production of goods for interstate commerce as an employer. She has acted, directly or indirectly, in the interest of an employer with respect to Plaintiff.

12. Whenever in this complaint it is alleged that Defendants committed any act or omission, it is meant that Defendants' officers, directors, vice-principals, agents, servants, or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendants or was done in the routine normal course and scope of employment of Defendants' officers, directors, vice-principals, agents, servants, or employees.

## IV.
## Facts

13. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

14. At all times relevant to this action, Defendants have been subject to the requirements of the FLSA.

15. For purposes of this action related to violations of the FLSA the "relevant period" is defined as such period commencing on the date that is three years prior to the filing of this action, and continuing thereafter.

16. At all material times, the Defendants were an employer within the meaning of the FLSA, 29 U.S.C. § 203(d)

17. At all material times, the Defendants have been an enterprise within the meaning of the FLSA. 29 U.S.C. § 203(r).

18. At all material times, the Defendants have been an enterprise engaged in interstate commerce or in the production of goods for interstate commerce within the meaning of the FLSA

because it had employees engaged in interstate commerce and it engaged in activities that constitute being engaged in interstate commerce. 29 U.S.C. § 203(s)(1).

19. At all material times, the Defendants have been an enterprise engaged in interstate commerce or in the production of goods for interstate commerce within the meaning of the FLSA because it had employees engaged in interstate commerce and it engaged in activities that constitute being engaged in interstate commerce. 29 U.S.C. § 203(s)(1).

20. At all material times, Plaintiff was an employee who was engaged in interstate commerce or in the production of goods for interstate commerce as required by 29 U.S.C. §§ 206-207.

21. Defendants Emmitt Kirby and Crystal Kirby own and operate at least one waste hauling company, Aggressive Waste Disposal, Inc., handling commercial waste, residential waste, and recycling of waste, located at 7802 Lynette Street, Houston, Texas 77028 as well as P.O. Box 2286, Humble, Texas 77346.

22. Defendants set the hours of the Plaintiff.

23. Defendants are involved in setting company policies of the business.

24. Defendants hired, disciplined and set the schedule of the Plaintiff.

25. Defendants assigned job duties to Plaintiff.

26. Defendants have the authority to set pay rates of the employees of Aggressive Waste.

27. Defendants have the authority to direct and supervise the work of employees of Aggressive Waste.

28. Defendants have the authority to make decisions regarding employee compensation.

29. Defendants have the authority to sign on such business' checking accounts, including payroll accounts.

30. Defendants have employed Plaintiff Cary Williams as a Helper from on or about October 18, 2013 until June 15, 2016; and from on or about June 15, 2017 until November 1, 2019.

31. As a Helper, Plaintiff has performed, during a significant period of most days, what was or is otherwise work performed by "hourly" or non-exempt employees because the job required it, but Defendants paid Plaintiff a set daily rate regardless of the number of hours worked.

32. Plaintiff did not use independent judgment and discretion with respect to matters of significance.

33. Plaintiff averaged over forty (40) hours per week during his employment with the Defendants. In fact, Plaintiff routinely worked seventy (70) hours or more each week.

34. Defendants compensated Plaintiff at the same daily rate for all hours worked, including hours worked over (40) in a workweek.

35. Defendants did not provide proper overtime compensation for all of the hours Plaintiff worked over forty (40) in a workweek.

36. Specifically, Defendants did not pay Plaintiff time and a half of his regular rate of pay for hours worked over forty (40) in a workweek.

37. Plaintiff is a non-exempt employee.

38. Plaintiff's primary job duty is non-office work.

39. Plaintiff did not have the authority to hire, fire, discipline or promote employees.

40. Plaintiff did not train employees.

41. Plaintiff did not have the authority to set or adjust pay rates for employees.

42. Plaintiff did not have the authority to decide other employees' work schedules.

43. Plaintiff did not have the authority to evaluate and/or review other employees' work performances.

44. Plaintiff did not customarily and regularly direct the work of two or more full time employees.

45. During his hours worked for Defendants, Plaintiff performed the function of his job, which includes the performance of duties typically performed by "hourly" paid non-exempt employees because the job required it, and the Defendants' management demanded it.

46. Defendants knew about the requirements to pay overtime but intentionally chose not to follow them. Consequently, Defendants' actions constitute willfulness under the law.

## V.
## Claim for Relief
### (Unpaid overtime compensation under the FLSA)

47. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

48. Plaintiff is considered a non-exempt employee.

49. Plaintiff is entitled to receive overtime pay for all hours he has worked in excess of forty (40) hours during each seven-day workweek.

50. During his employment with the Defendants, Plaintiff routinely worked more than forty (40) hours a week.

51. Defendants did not pay Plaintiff his entitled pay (including overtime pay) for those hours he worked in excess of forty (40) hours per week.

52. Defendants has violated 29 U.S.C. § 201 et seq. by failing to pay Plaintiff "overtime" pay for all hours worked in excess of forty (40) hours per week.

53. Defendants have not made a good faith effort to comply with the FLSA, and have

thus violated the requirements of the federal statute.

54. Defendants have failed to maintain a complete, accurate and contemporaneous record of the number of hours Plaintiff worked during each workweek of his employment with the Defendants.

55. Defendants' conduct was willful within the meaning of 29 U.S.C. § 255(a).

56. No exemption excused the Defendants from paying Plaintiff overtime pay for hours worked over forty (40) hours per week.

57. Rather, Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern and practice regarding overtime compensation due to Plaintiff.

58. Plaintiff seeks an amount of back-pay equal to the unpaid overtime compensation owed to Plaintiff.

59. Plaintiff also seeks an additional equal amount as liquidated damages, and reasonable attorney's fees and costs as provided for by 29 U.S.C. § 216(b), along with pre-judgment and post-judgment interest at the highest rate allowed by law.

## VI.
## Attorney's Fees

60. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

61. Plaintiff is entitled to recover attorney's fees and costs for prosecuting this action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

## VII.
## Jury Demand

62. Plaintiff makes a formal demand for a jury trial in this matter.

## VIII.
## **Prayer for Relief**

WHEREFORE, PREMISES CONSIDERED, Plaintiff Cary Williams respectfully requests that upon final hearing, the Court grant his relief as follows:

a. Declare that Defendants have violated the Fair Labor Standards Act, specifically 29 U.S.C. §§ 206, 207 and/or 215, by failing to pay Plaintiff overtime pay at one and one-half times his regular hourly rate for all hours in excess of forty (40) hours worked during each seven-day work period.

b. Order Defendants to pay Plaintiff the difference between (i) what Defendants should have paid Plaintiff for all hours worked, including overtime hours worked during the relevant period, and (ii) what Plaintiff was actually paid for those hours worked.

c. Order Defendants to pay an equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

d. Order Defendants to pay Plaintiff reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

e. Order Defendants to pay pre-judgment and post-judgment interest at the highest lawful rate for all amounts, including attorney fees, awarded against the Defendants.

f. Order all further relief, whether legal, equitable or injunctive, as may be necessitated to effectuate full relief to Plaintiff.

Respectfully submitted,

**GARCIA-MARTIN & MARTIN, P.C.**

By: ___/s/ Lionel Martin_____
   Lionel Martin
   Federal Bar No. 31342
   Texas State Bar No. 24037032
   Lmartin@mgmartinlaw.com

   10701 Corporate Drive
   Suite 350
   Stafford, Texas 77477
   Tel: (281) 277-3066
   Fax: (281) 277-3067

**ATTORNEY-IN-CHARGE FOR PLAINTIFF**

**OF COUNSEL:**

**GARCIA-MARTIN & MARTIN, P.C.**

Melissa Garcia-Martin
Federal Bar No. 38613
Texas State Bar No. 24039035
Mmartin@mgmartinlaw.com

10701 Corporate Drive
Suite 350
Stafford, Texas 77477
Tel:  (281) 277-3066
Fax: (281) 277-3067